UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF MICHIGAN

LANSING DIVISION

|  |  |  |
|---|---|---|
| OPERATING ENGINEERS CONSTRUCTION INDUSTRY AND MISCELLANEOUS PENSION FUND, Individually and on Behalf of All Others Similarly Situated, | ) ) ) ) ) | Civ. No. 1:25-cv-00802-HYJ-RSK <u>CLASS ACTION</u> |
|  | ) ) ) | IAM NATIONAL PENSION FUND'S MEMORANDUM OF LAW IN SUPPORT |
| Plaintiff, | ) ) | OF MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF |
| vs. | ) ) | SELECTION OF LEAD COUNSEL |
| NEOGEN CORPORATION, et al., | ) ) |  |
| Defendants. | ) ) ) |  |

4900-6966-2569.v1

## I.    INTRODUCTION

Presently pending in this District is the above-captioned securities class action lawsuit (the "Action") on behalf of purchasers of Neogen Corporation ("Neogen" or the "Company") common stock from January 5, 2023 through June 3, 2025, inclusive (the "Class Period"), alleging violations of the Securities Exchange Act of 1934 (the "1934 Act").  In securities class actions, the Private Securities Litigation Reform Act of 1995 ("PSLRA") requires district courts to appoint as lead plaintiff the "member or members of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of class members."  15 U.S.C. §78u-4(a)(3)(B)(i).  IAMNPF should be appointed as lead plaintiff because it: (1) timely filed a motion; (2) has a substantial financial interest in the relief sought by this litigation; and (3) will typically and adequately represent the class's interests.  *See* 15 U.S.C. §78u-4(a)(3)(B)(iii).   In addition, IAMNPF's selection of Robbins Geller Rudman & Dowd LLP as lead counsel should be approved. *See* 15 U.S.C. §78u-4(a)(3)(B)(v).

## II.    FACTUAL BACKGROUND

Neogen, together with its subsidiaries, engages in the development, manufacture, and marketing of various products and services dedicated to food and animal safety.  According to the complaint, in December 2021, it was announced that Neogen would merge with the Food Safety Division of the 3M Company, with the deal closing in September 2022.  The Company's common stock trades on the NASDAQ under the ticker NEOG.

The complaint alleges that during the Class Period, defendants made false and misleading statements and/or failed to disclose adverse information regarding Neogen's business and operations: (i) defendants led investors to believe that Neogen's integration with 3M was progressing much better than it actually was; and (ii) even when Neogen was forced to reveal that certain

- 1 -

4900-6966-2569.v1

"inefficiencies" arose as a result of the integration, defendants downplayed them and assured investors that they were fully aware and committed to resolving them quickly.

The truth regarding defendants' misconduct began leaking out on January 10, 2025, when Neogen announced its preliminary second quarter of 2025 financial results, revealing, among other things, that: (i) GAAP net income in the quarter was significantly negative due to a $461 million non-cash goodwill impairment charge related to the 3M acquisition; (ii) Neogen cut its fiscal year 2025 revenue and EBITDA guidance; and (iii) Neogen concluded that, as of November 30, 2024, Neogen had material weaknesses in its internal control over financial reporting.  On this news, the price of Neogen common stock fell more than 5%.

Then on April 9, 2025, Neogen announced its third quarter of 2025 financial results, reporting a loss of $11 million, or $0.05 per share, compared with a loss of $2 million, or $0.01 per share, a year earlier.  Neogen further announced that revenue fell 3.4% to $221 million which had been negatively impacted by integration issues, Neogen was cutting its fiscal year 2025 revenue and EBITDA outlook, capital expenditures were expected to be $100 million as a result of lowered adjusted EBITDA and a "pull-forward of . . . integration capex into fiscal 2025," and that CEO, defendant John Adent, would be stepping down.  ECF 1 at ¶41.  On this news, the price of Neogen common stock fell 28%.

Finally, on June 4, 2025, Neogen revealed that it expected "EBITDA margin to probably be around the high-teens" which represented a considerable drop from the previous quarter's profit margin of 22%, blaming the expected shortfall on "elevated inventory write-offs."  ECF at ¶42. On this news, the price of Neogen common stock suffered further declines.

4900-6966-2569.v1

As a result of defendants' wrongful acts and omissions, and the precipitous decline in the market value of the Company's common stock, IAMNPF and other class members have suffered significant losses and damages.

## III.    ARGUMENT

### A.    IAMNPF Should Be Appointed Lead Plaintiff

The PSLRA establishes the procedure for the appointment of a lead plaintiff in "each private action arising under [the 1934 Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure."  15 U.S.C. §78u-4(a)(1).  First, the pendency of the action must be publicized in a widely circulated national business-oriented publication or wire service not later than 20 days after filing of the complaint.  *See* 15 U.S.C. §78u-4(a)(3)(A)(i).  Next, the PSLRA provides that the Court shall adopt a presumption that the most adequate plaintiff is the person or group of persons that:

(aa)    has either filed the complaint or made a motion in response to a notice . . . ;

(bb)    in the determination of the court, has the largest financial interest in the relief sought by the class; and

(cc)    otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. §78u-4(a)(3)(B)(iii).  IAMNPF meets each of these requirements and should therefore be appointed as Lead Plaintiff.

### 1.    This Motion Is Timely

On July 18, 2025, notice was published on *Business Wire* advising potential class members of the pendency of the Action, the claims asserted, and the right to seek appointment as lead plaintiff by September 16, 2025.  *See* Declaration of Jason A. Forge in Support of IAM National Pension Fund's Motion for Appointment as Lead Plaintiff and Approval of Selection of Lead Counsel

4900-6966-2569.v1

("Forge Decl."), Ex. A.  IAMNPF's motion is therefore timely and it is entitled to be considered for appointment as lead plaintiff.

### 2.    IAMNPF Has the Largest Financial Interest in the Relief Sought by the Class

During the Class Period, IAMNPF purchased more than 155,000 shares of Neogen common stock and suffered losses of approximately $1.7 million under the last-in, first-out ("LIFO") calculation method.  *See* Forge Decl., Exs. B, C.  To the best of its counsel's knowledge, there are no other plaintiffs with a larger financial interest.  Therefore, IAMNPF satisfies the PSLRA's prerequisite of having the largest financial interest.

### 3.    IAMNPF Otherwise Satisfies Rule 23's Typicality and Adequacy Requirements

In addition to possessing a significant financial interest, a lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure."  15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(cc).  Rule 23 requires that "the claims or defenses of the representative parties are typical of the claims or defenses of the class; and [that] the representative parties will fairly and adequately protect the interests of the class."  Fed. R. Civ. P. 23(a)(3)-(4).

Rule 23's "typicality" requirement is met if the plaintiff's claims "'arise[] from the same event or practice or course of conduct that gives rise to the claims of other class members, and if his or her claims are based on the same legal theory.'"  *In re Am. Med. Sys., Inc.*, 75 F.3d 1069, 1082 (6th Cir. 1996) (citation omitted).  The rule's "adequacy" requirement is satisfied where the representative "'ha[s] common interests with unnamed members of the class'" and will "'vigorously prosecute the interests of the class through qualified counsel.'"  *Id.* at 1083 (citation omitted).

Like all class members, IAMNPF purchased Neogen common stock during the Class Period and suffered harm as a result of defendants' alleged misconduct.  As such, IAMNPF suffered the

4900-6966-2569.v1

same injuries as the other putative class members as a result of the same alleged conduct by defendants and has claims based on the same legal issues.  In addition, IAMNPF submitted a Certification confirming its willingness and ability to serve as Lead Plaintiff.  *See* Forge Decl., Ex. B.  Its substantial financial interest indicates that IAMNPF has the requisite incentive to vigorously represent the class's claims.

Established in 1960, the IAM National Pension Fund is a Washington DC-based multiemployer pension plan providing benefits for employees affiliated with the International Association of Machinists and Aerospace Workers.  With assets of approximately $14 billion overseen for the benefit of more than 90,000 active participants, IAMNPF is one of the largest multiemployer pension funds in the United States.  Moreover, IAMNPF is familiar with the requirements and responsibilities of overseeing complex class action litigation and serving as lead plaintiff in a securities class action.  *See Allegheny Cnty. Emps.' Ret. Sys. v. Energy Transfer LP*, No. 2:20-cv-00200-GAM, ECF 16 (E.D. Pa. Feb. 19, 2020) (appointing IAMNPF, along with another institutional investor, as lead plaintiff pursuant to the PSLRA); *In re Farfetch Limited Sec. Litig.*, No. 1:19-cv-08657-AJN, ECF 31 (S.D.N.Y. June 10, 2020) (same).  IAMNPF is thus precisely the type of movant whose participation in securities class actions Congress sought to encourage through the enactment of the PSLRA.  *See In re Cendant Corp. Litig.*, 264 F.3d 201, 273-74 (3d Cir. 2001) ("Both the Conference Committee Report and the Senate Report state that the purpose of the legislation was to encourage institutional investors to serve as lead plaintiff, predicting that their involvement would significantly benefit absent class members.").

Accordingly, the Court should find that IAMNPF has made a *prima facie* showing of typicality and adequacy.

- 5 -

4900-6966-2569.v1

**B.      The Court Should Approve IAMNPF's Selection of Counsel**

The PSLRA vests authority in the lead plaintiff to select and retain lead counsel, subject to the Court's approval. *See* 15 U.S.C. §78u-4(a)(3)(B)(v). Courts are "encouraged to refrain from interfering with the choice of the 'lead counsel' unless it is necessary to 'protect the interests of the class.'" *Haase v. GunnAllen Fin., Inc.*, 2008 WL 3200590, at *2 (E.D. Mich. Aug. 5, 2008) (citation omitted).

IAMNPF has selected Robbins Geller as Lead Counsel. Robbins Geller, a 200-attorney firm with offices nationwide, regularly represents clients in complex class action litigation and possesses the experience and resources necessary to successfully prosecute this large and complex action for the benefit of the class.[1] The Firm's securities department includes numerous trial attorneys and many former federal and state prosecutors, and utilizes an extensive group of in-house specialists to aid in the prosecution of complex securities issues. Courts throughout the nation have noted Robbins Geller's reputation for excellence, resulting in the appointment of Robbins Geller to lead roles in hundreds of complex securities class action cases. *See, e.g.*, *Owens v. FirstEnergy Corp.*, 2020 WL 6873421, at *12 (S.D. Ohio Nov. 23, 2020) (finding that Robbins Geller "possesses the requisite expertise and experience necessary to handle a case of this magnitude and complexity"). Robbins Geller has also obtained the largest securities fraud class action recoveries in this Circuit and the Fifth, Seventh, Eighth, Tenth, and Eleventh Circuits.[2]

---

[1]      For a detailed description of Robbins Geller's track record, resources, and attorneys, please *see* https://www.rgrdlaw.com. A paper copy of the Firm's resume is available upon the Court's request, if preferred.

[2]      *See In re Cardinal Health, Inc. Sec. Litig.*, No. 2:04-cv-00575-ALM (S.D. Ohio) ($600 million recovery is the largest securities Class Action recovery in the Sixth Circuit); *In re Enron Corp. Sec. Litig.*, No. 4:01-cv-03624 (S.D. Tex.) ($7.3 billion recovery is largest securities Class Action recovery in U.S. history and in the Fifth Circuit); *Lawrence E. Jaffe Pension Plan v. Household Int'l Inc.*, No. 1:02-cv-05893 (N.D. Ill.) ($1.575 billion recovery is the largest securities

- 6 -

Thus, the Court can be assured that by approving IAMNPF's choice of Robbins Geller as lead counsel the putative class will receive the highest caliber of representation.  Accordingly, Robbins Geller should be appointed as Lead Counsel.

## IV.    CONCLUSION

IAMNPF has satisfied each of the PSLRA's requirements for appointment as lead plaintiff. As such, IAMNPF respectfully requests that the Court appoint it as Lead Plaintiff and approve its selection of Robbins Geller as Lead Counsel.

DATED:  September 16, 2025          Respectfully submitted,

ROBBINS GELLER RUDMAN
  & DOWD LLP


                                  s/ Jason A. Forge
                               JASON A. FORGE

JASON A. FORGE (W.D. Mich. Bar ID
CA181542)
DANIELLE S. MYERS
MICHAEL ALBERT
KENNETH P. DOLITSKY
655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
jforge@rgrdlaw.com
dmyers@rgrdlaw.com
malbert@rgrdlaw.com
kdolitsky@rgrdlaw.com

---

Class Action recovery ever following a trial as well as the largest securities Class Action recovery in the Seventh Circuit); *In re UnitedHealth Group Inc. Sec. Litig.*, No. 0:06-cv-01691-JMR-FLN (D. Minn.) ($925 million recovery is the largest securities Class Action recovery in the Eighth Circuit); *In re Qwest Commc'ns Int'l, Inc. Sec. Litig.*, No. 1:01-cv-01451-REB-KLM (D. Colo.) ($445 million recovery is the largest securities Class Action recovery in the Tenth Circuit); *In re HealthSouth Corp. Sec. Litig.*, No. 2:03-cv-01500-KOB-TMP (N.D. Ala.) ($671 million recovery is the largest securities Class Action recovery in the Eleventh Circuit).

4900-6966-2569.v1

Proposed Lead Counsel for Proposed Lead
Plaintiff

- 8 -

4900-6966-2569.v1