**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

|  |  |
|---|---|
| OPERATING ENGINEERS CONSTRUCTION INDUSTRY AND MISCELLANEOUS PENSION FUND, Individually and on Behalf of All Others Similarly Situated,<br><br>      Plaintiff,<br><br>  vs.<br><br>NEOGEN CORPORATION, JOHN ADENT, and DAVID NAEMURA,<br><br>      Defendants. | Case No.: 1:25-cv-00802-HYJ<br><br>Hon. Hala Y. Jarbou<br><br>**CLASS ACTION** |

**REPLY BRIEF IN SUPPORT OF PENSION FUNDS'**
**MOTION FOR APPOINTMENT AS LEAD PLAINTIFF**
**AND APPROVAL OF SELECTION OF LEAD COUNSEL**

Proposed Lead Plaintiff the Pension Funds respectfully submit this reply in further support of their Motion for Appointment as Lead Plaintiff and Approval of Selection of Lead Counsel (ECF No. 12), and in further opposition to the competing motion filed by IAM National Pension Fund ("IAM") (ECF No. 14-15) and IAM's response briefs, including its "corrected" response brief (ECF Nos. 19, 22), and the word count certificates filed by IAM (ECF Nos. 20, 23).

IAM failed to comply with local procedural requirements regarding word count limitations. *See* ECF No. 23, PageID.349. Given the draconian nature of striking this procedurally improper response, the Pension Funds instead submit this short reply to briefly address the implications of IAM's failure to follow local procedural rules.

Pursuant to W.D. Mich. LCivR 7.3(c), responses to non-dispositive motions shall be due within 14 days following the filing of a motion. With competing motions for appointment as lead plaintiff filed on September 16, 2025, the corresponding response briefs were due on September 30, 2025. Pursuant to W.D. Mich. LCivR 7.3(b)(i), such a response brief shall not exceed 4,300 words, with certain portions not included in the word count.

On September 30, 2025, the Pension Funds and IAM filed their response briefs. ECF Nos. 19, 21. With its response brief, IAM also filed a certificate attesting that the brief complied with the local rules' word count limit. ECF No. 20.[1] IAM's certificate of compliance, however, cited to W.D. Mich LCivR 7.3—which limits non-dispositive motion responses to 4,300 words—while simultaneously reporting that its brief contained 5,587 words, exceeding the limit by 1,287 words. ECF No. 20, PageID.291. So, while IAM cited to the proper local rule, it nevertheless reported a word count exceeding the limit by 1,287 words, making its noncompliance with the rules self-

---

[1] The Pension Funds' brief, for its part, complied with this requirement, with a response brief containing 4,239 countable words. *See* ECF No. 21, PageID.312.

evident. Additionally, it appears that IAM's initial word count calculation, ECF No. 20, PageID.291, included words that the local rules expressly exclude.  *See* W.D. Mich. LCivR 7.3(b)(i) (the word count "exclud[es] case caption, cover sheets, any table of contents, any table of authorities, the signature block, attachments, exhibits, affidavits and other addenda"). Put simply, the Class would be better served by counsel familiar with this Court's rules and practices. And although IAM criticizes the Pension Funds for including more than a single law firm (*see* ECF Nos. 21-22), the Pension Funds' decision to retain a Michigan-based class action firm with substantial experience before this Court, familiarity with the local rules, and a proven track record of following the local rules is, in actuality, a benefit to both the Court and the Class.

On October 2, 2025, two days past the deadline for filing its response brief, IAM filed a corrected response (ECF No. 22) and a corrected word count certificate (ECF No. 23). In its corrected word count certificate, IAM's counsel explained that it had only then realized its word count error. ECF No. 23, PageID.349. The Pension Funds will not move to strike IAM's untimely filing, but note again the self-evident impact of its noncompliance. IAM was able to put before the Court a brief that, as it stated, consisted of 1,287 excess words beyond the limit. And then, two days later, without seeking leave of the Court to file a corrected brief, IAM untimely submitted a brief that removed certain portions of its argument.

For the foregoing reasons, as well as the reasons stated in the Pension Funds' Motion for Appointment as Lead Plaintiff and Approval of Selection of Lead Counsel (ECF No. 12) and response in opposition to IAM's competing motion (ECF No. 21), it is clear that the Pension Funds are best suited to lead the Class here. The Pension Funds thus respectfully request that the Court: (1) appoint the Pension Funds to serve as Lead Plaintiff for the Class; and (2) approve the Pension Funds' selection of Saxena White and Grant & Eisenhofer to serve as Lead Counsel for the Class.

Dated: October 6, 2025

Respectfully submitted,

By: */s/ E. Powell Miller*
E. Powell Miller (P39487)
Marc L. Newman (P51393)
Dennis A. Lienhardt (P81118)
**THE MILLER LAW FIRM, P.C.**
950 West University Drive
Rochester, MI 48307
Tel: (248) 841-2200
epm@millerlawpc.com
mln@millerlawpc.com
dal@millerlawpc.com

*Local Counsel for Proposed Lead Plaintiff the Pension Funds*

**SAXENA WHITE P.A.**
Marco A. Dueñas (admission forthcoming)
10 Bank Street, Suite 882
White Plains, NY 10606
Tel.: (914) 437-8551
Fax: (888) 216-2220
mduenas@saxenawhite.com

Maya Saxena (admission forthcoming)
Lester R. Hooker (admission forthcoming)
7777 Glades Road, Suite 300
Boca Raton, FL 33434
Tel.: (561) 394-3399
Fax: (561) 394-3382
msaxena@saxenawhite.com
lhooker@saxenawhite.com

**GRANT & EISENHOFER P.A.**
Karin E. Fisch
Vincent J. Pontrello
485 Lexington Avenue
New York, NY 10017
Tel.: (646) 722-8500
kfisch@gelaw.com
vpontrello@gelaw.com

*Counsel for Proposed Lead Plaintiff the Pension Funds, and Proposed Lead Counsel for the Class*

**KLAUSNER KAUFMAN JENSEN & LEVINSON**
Robert D. Klausner (admission forthcoming)
7080 NW 4th Street
Plantation, Florida 33317
Tel.: (954) 916-1202
Fax: (954) 916-1232
bob@robertdklausner.com

*Additional Counsel for Proposed Lead Plaintiff Miami FIPO, Orlando, and West Palm Beach Firefighters*